HOBSON, Justice.
Elva I. Schweida, who was one of the defendants in the circuit court, moves this court to dismiss the appeal from the judgment of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, entered January 29, 1957, taken by the plaintiff by Joinder in Appeal filed March 28, 1957. Shayne, Inc., a Florida corporation, which was one of the defendants in the circuit court, initiated this appeal. Villanueva, in his Joinder in Appeal which was filed March 28, 1957, states that “the plaintiff appeals from a judgment entered in favor of the defendant, Elva I. Schweida, bearing date January 30, 1957 * * * «
The record before us establishes that costs were taxed against the plaintiff Villa-nueva and in favor of movant by the circuit court on February 27, 1957, and that up to and including July 3, 1957, the said Villanueva had failed to pay the costs. The record further shows that the plaintiff Villanueva did not assign as error the taxation of costs against him nor did he supersede their taxation.
Under such circumstances we are of the opinion that the cause should be dismissed, for we feel that no plaintiff should be permitted to file a Joinder in Appeal after the entry of appeal by one of two or more defendants under the facts disclosed by this record and thus accomplish indirectly that which could not have been accomplished by said plaintiff directly.
At first blush it would appear that our holding herein is contrary to our opinion in the case of Thomas Awning Co. v. Morgan, Fla., 57 So.2d 427. However, a careful examination of that opinion establishes the fact that the plaintiff in that suit who had filed a Joinder in Appeal had no costs taxed or assessed against her. It is clear, therefore, that Sec. 59.09, as amended in 1945, F.S.A., was not applicable and all other statements made in that opinion are merely obiter dicta. It is apparent that the opinion in the Thomas Awning Co. *538 case should not be considered stare decisis with reference to the question presented in the instant suit. For the sake of clarity, we hereby expressly recede from any inferences in the Thomas Awning Co. case which may be construed to be in conflict with our opinion and judgment herein.
The motion to dismiss the Joinder in Appeal filed by the plaintiff Villanueva should be, and it is hereby granted.
It is so ordered.
DREW, THORNAL and O’CONNELL, JJ., and WIGGINTON, District Judge, concur.